UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :
                              :
      v.                      :   CRIMINAL NO. 1:04-CR-347-01
                              :
RONALD WOLF,                  :
      Defendant               :

*M E M O R A N D U M*

*I.      Introduction*

Over eight years after pleading guilty and being sentenced on federal firearms charges, Ronald Wolf filed the instant motion (Doc. 150) seeking to challenge his sentence pursuant to 28 U.S.C. § 2255. We will deny this untimely motion.

*II.     Background*

On November 7, 2005, Wolf pleaded guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and one count of possession of a stolen firearm, in violation of § 922(j). Pursuant to the terms of his binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), the court sentenced Wolf on April 13, 2006 to a term of imprisonment of 300 months and five years of supervised release. Judgment was entered on April 17, 2006 (Doc. 124), and Wolf did not file an appeal.

More than eight years later, on June 23, 2014, Wolf filed the instant *pro se* motion (Doc. 150) challenging his sentence pursuant to 28 U.S.C. § 2255. In his motion, Wolf advances three main arguments: (1) that his counsel was ineffective for failing to object to a breach of his plea agreement; (2) that he did not qualify for the armed career

criminal sentencing enhancement; and (3) that both the sentencing enhancement and term of supervised release he received are unconstitutional. Wolf contends that his motion is timely under 28 U.S.C. § 2255(f)(3) because it was filed within one year of the decision by Supreme Court of the United States in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and the new rule of law established by that decision should be applied retroactively to cases on collateral review.

The motion is ripe for a preliminary examination by this court under Rule 4 of the Rules Governing § 2255 Proceedings.

*III.      Discussion*

To be successful, a § 2255 motion must first be timely filed–that is, it must be filed within the one-year period of limitations imposed by § 2255(f). For a defendant like Wolf, who did not challenge his conviction or sentence on direct appeal, this one-year period begins to run on the date his conviction becomes final. *See* § 2255(f)(1); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for such an appeal expired."). In such cases, a conviction becomes final fourteen days after judgment is entered. *See* Fed. R. App. P. 4(b)(1); *Kapral*, 166 F.3d at 577.

Here, the court entered judgment against Wolf on April 17, 2006, and this judgment became final fourteen days later on May 1, 2006 because Wolf did not file an appeal. Accordingly, Wolf had one year from May 1, 2006 within which to file a timely

§ 2255 motion. Wolf missed this window by over seven years, filing the instant § 2255 motion (Doc. 150) on June 23, 2014. His motion should be denied, therefore, as untimely. *See United States v. Waagner*, No. 1:01-CR-191, 2014 U.S. Dist. LEXIS 18650, *4-5 (M.D. Pa. Feb. 14, 2014) (denying as untimely § 2255 motion filed eight years after the expiration of the one-year limitation period); *United States v. Brown*, No. 1:CR-02-187-01, 2007 U.S. Dist. LEXIS 60833, *7 (M.D. Pa. Aug. 20, 2007) (denying as untimely § 2255 motion filed two years after expiration of limitation period).

Wolf seeks to avoid this result by invoking § 2255(f)(3), which starts the one-year limitation clock on "the date on which the right asserted [in the § 2255 motion] was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3). In essence, Wolf argues that his various claims for relief are predicated on *Descamps v. United States*, 133 S. Ct. 2276 (2013), the recent Supreme Court decision that addressed the appropriate method district courts must employ to determine whether to sentence a defendant as an armed career criminal under 18 U.S.C. § 924(e). Wolf claims that his current motion is timely under § 2255(f)(3) because it was brought within one year of this Supreme Court decision.

This argument fails for three reasons. First, *Descamps* has not been made retroactively applicable to cases on collateral review. *Groves v. United States*, No. 12-3253, 2014 U.S. App. LEXIS 11814, *13 (7th Cir. 2014) ("To date, the Supreme Court has not made *Descamps* retroactive on collateral review."); *United States v. Harris*, 2013

3

U.S. Dist. LEXIS 186158, *3 (W.D. Pa. Aug. 1, 2013) (stating that *Descamps* has not "been made retroactively applicable to cases on collateral review"). Thus, Wolf's § 2255 motion cannot meet the express requirements of § 2255(f)(3).

Second, the majority of the claims raised in Wolf's motion–ineffective assistance of counsel, breach of plea agreement, constitutionality of supervised release–are utterly unrelated to the sentencing issue addressed in *Descamps*. Thus, even if *Descamps* was made retroactively applicable to cases on collateral review, § 2255(f)(3) would not govern the limitations period for these claims since they are not premised on a right that has been "newly recognized by the Supreme Court." § 2255(f)(3).

Finally, Wolf has failed to establish the merits of his only claim related to the recent decision in *Descamps*–that his armed career criminal classification was erroneous. Wolf has not addressed how his litany of convictions for burglary, robbery, aggravated assault, kidnaping, and other misdeeds would not qualify as the "violent felonies" necessary to justify his enhanced sentence pursuant to 18 U.S.C. § 924(e), as interpreted by *Descamps*.

In sum, Wolf filed the instant § 2255 motion over seven years too late, and his attempt to excuse this tardiness by invoking § 2255(f)(3) lacks merit. Accordingly, we will deny his motion.

*IV.*			*Conclusion*

For the reasons discussed above, Wolf's *pro se* motion (Doc. 150) challenging his sentence is untimely. Accordingly, we will issue an order denying the motion. We will also decline to issue a certificate of appealability.[1]

							 /s/ William W. Caldwell
							William W. Caldwell
							United States District Judge

---

[1] Wolf is advised, however, that he has the right for sixty days to appeal our order denying his § 2255 motion. *See* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(B). Our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals. *See* Fed. R. App. P. 22; Local Rule of Appellate Procedure 22.1.