UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 1:04-CR-347-1 |
| : | |
| RONALD WOLF, : | |
| Defendant : | |
| : | |

*M E M O R A N D U M*

*I.      Introduction*

Before this Court is Defendant Ronald Wolf's second or successive motion to correct his sentence under 28 U.S.C. § 2255.  (Doc. 159).  Also before this Court are the Government's subsequent motions to dismiss for lack of jurisdiction and to stay the § 2255 proceedings.  (Doc. 169, 171).  For the reasons that follow, we will deny the Government's motions and require the Government to respond to Defendant's motion.

*II.     Background*

On November, 7, 2005, Defendant pled guilty under a superseding indictment to one count of possession of a firearm by an armed career criminal, 18 U.S.C. §§ 922(g)(1), 924(e) (Count Seven), and one count of possession of stolen firearms, 18 U.S.C. § 922(j) (Count Nine).  (Doc. 103 ¶ 1); (Doc. 110).  Pursuant to Defendant's plea agreement and the Presentence Report (PSR), the parties agreed that, for Count Seven, Defendant would be sentenced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), which subjected him to a mandatory minimum term of fifteen years of incarceration and a maximum of a life sentence because he had at least three prior convictions for serious drug offenses or violent felonies.  (Doc. 103 ¶ 11); (PSR ¶ 97).  On Count Nine, Defendant's statutory maximum was ten years of imprisonment.  (PSR ¶ 97).

At his plea hearing, Defendant admitted to qualifying as an armed career criminal under the ACCA, and the Government posited that it would have presented Defendant's three prior Pennsylvania burglary convictions in 1990 that would qualify as violent felonies. (Doc 112 at 7, 9-10). On February 8, 2006, a PSR was filed, applying a five-level enhancement under the ACCA. (PSR at ¶ 25). Although the PSR detailed Defendant's criminal history, including the burglary convictions and convictions for robbery and aggravated assault, it did not identify which offenses were predicate "violent felony" offenses under the ACCA, 18 U.S.C. § 924(e). (Id. ¶¶ 31-33, 35, 37-39, 41).

Defendant's sentencing range under the United States Sentencing Guidelines (Guidelines) was 188 to 235 months based on a Total Offense Level of 31 and a Category VI criminal history. (PSR ¶ 98). Defendant did not object to the PSR. (Doc 120 at 3). On April 13, 2006, Defendant was sentenced, pursuant to his plea agreement, to twenty-five years in prison: fifteen years on Count Seven and ten years on Count Nine. (Doc. 103 ¶ 11); (Doc. 123). He is currently serving his sentence. (Doc. 159 at 2).

Eight years later, on June 23, 2014, Defendant filed his initial motion to vacate his sentence under 28 U.S.C. § 2255, arguing claims of ineffective assistance of counsel and that he no longer qualified as an armed career criminal under the Supreme Court's decision in Descamps v. United States, 133 S. Ct. 2276 (2013). (Doc. 150 at 4-8). We denied his motion as untimely, noting that Descamps had not been made retroactive. (Doc. 151 at 3-4). Defendant's motion for reconsideration was denied. (Doc. 153-54).

On June 24, 2016, Defendant timely filed the instant motion,[1] again seeking § 2255 relief. (Doc. 159). Counsel was appointed, and we granted a stay of the

---

[1] Defendant's motion is timely because it was filed within one year of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (June 26, 2015). See 28 U.S.C. § 2255(f)(3).

2

proceedings pending the Third Circuit's disposition of Defendant's application to file a second or successive § 2255 motion. (Doc. 161-62). On July 6, 2016, the Third Circuit granted Defendant's application, finding that "he has made a prima facie showing that his proposed § 2255 motion contains a new rule of constitutional law made retroactive to cases on collateral review." (Doc. 163). The stay was then lifted. (Doc. 164).

In his second § 2255 motion, Defendant argues that, based on Johnson v. United States, 135 S. Ct. 2551 (June 26, 2015), his sentence under the ACCA exceeds the statutory maximum and violates due process because (1) "his prior convictions no longer qualify as 'violent felonies,'" under the ACCA, and (2) "[h]is current sentence exceeds the 10 year statutory maximum for a non-ACCA offense." (Doc. 159 at 4). He requests that we resentence him without the ACCA's enhanced penalty. (Id. at 3).

On August 30, 2016, the Government responded by filing a motion to dismiss for lack of jurisdiction and a motion to stay the deadline for its response to Defendant's motion. (Doc. 169). The Government argues that Defendant has not demonstrated that Johnson applies to his case. (Doc. 170 at 5-6). Specifically, the Government argues that Defendant has not shown that his burglary convictions were violent felonies under the ACCA's now-unconstitutional residual clause, as opposed to its still-valid enumerated-offenses clause, and that Defendant's motion should be dismissed because "the best [he] can do is argue that the record is unclear" as to which clause was implicated when Defendant was sentenced. (Id. at 7-9).

III.   Discussion

When Defendant was sentenced, the ACCA defined a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an

3

element the use, attempted use, or threatened use of physical force against the person of another" (elements or force clause); (2) is burglary, arson, or extortion, [or] involves use of explosives" (enumerated-offenses clause); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (residual clause).  18 U.S.C. § 924(e)(2)(B).

In Johnson, the Supreme Court held that the residual clause was unconstitutionally vague because it invited "arbitrary enforcement by judges" and denied due process of law.  135 S. Ct. at 2557.  The Court's decision in Johnson was also held to be a new substantive rule of law with retroactive effect on collateral review.  Welch v. United States, 136 S. Ct. 1257, 1268 (2016).  In light of these decisions, Defendant's sentence under the ACCA will only stand if his predicate offenses qualify as violent felonies under either the elements clause or the enumerated-offenses clause.  In other words, if it is established that Defendant received an ACCA enhancement under the residual clause, his sentence must be vacated.  Before reaching this question, we must decide the Government's motion to dismiss and determine whether Defendant has presented sufficient evidence for us to reach the merits of his § 2255 claim.

It is undisputed that Defendant obtained a certification from the Third Circuit to file his second or successive § 2255 motion.  (Doc. 163).  The Third Circuit found that Defendant presented a prima facie showing that his motion contained a new rule of constitutional law, made retroactive to cases on collateral review.  See 28 U.S.C. § 2244(b)(3)(C), 2255(h).  However, we must "conduct an independent gatekeeping inquiry" to ensure that Defendant has satisfied the requirements for filing a second or successive motions under § 2255(h).  See Goldblum v. Klem, 510 F.3d 204, 220 (3d Cir. 2007).  In

other words, "it is not enough for a federal prisoner to simply identify Johnson as the basis" for his second or successive § 2255 motion, because "he also must show that he falls within the scope of the new substantive rule announced in Johnson."[2] In re Moore, 830 F.3d 1268, 1270–71 (11th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)(C)).

In Moore, the Eleventh Circuit granted an inmate's second or successive § 2255 application "because it is unclear whether the district court relied on the residual clause or other ACCA clauses in sentencing [the defendant], so [the defendant] met his burden of making out a prima facie case that he is entitled to file a successive § 2255 motion raising his Johnson claim." Id. at 1272. However, in dicta, the court added "one further thought," stating:

> If the district court cannot determine whether the residual clause was used in sentencing and affected the final sentence—if the court cannot tell one way or the other—the district court must deny the § 2255 motion. It must do so because the movant will have failed to carry his burden of showing all that is necessary to warrant § 2255 relief.

[Id. at 1273.]

Only six days following its decision in Moore, a different panel of the Eleventh Circuit criticized this additional "commentary" as being "undoubtedly . . . dicta." In re Chance, 831 F.3d 1335, 1339 (11th Cir. 2016). In Chance, the court noted that Moore's remarks "followed its case-dispositive conclusion that [the defendant] made a prima facie showing," and were dicta because they went beyond "the § 2255(h) issues" in that case. Id. The Chance court felt the "need to tell the other side of the story told in

---

[2] We note that it is sometimes "difficult to discern where the § 2255(h)(2) gatekeeping function ends and the merits analysis begins when deciding whether [a defendant] 'was sentenced under the residual clause in the ACCA and . . . falls within the scope of the new substantive rule announced in Johnson.'" Ziglar v. United States, No. 2:16-CV-463-WKW, 2016 WL 4257773, at *7 n.6 (M.D. Ala. Aug. 11, 2016) (quoting In re Griffin, 823 F.3d 1350, 1354 (11th Cir. 2016)).

5

Moore," although it recognized that its remarks also had "no more legal force than the Moore panel's [dicta] (that is: none)." Id. at 1339-40.  Nonetheless, the Chance court went on to condemn Moore's suggestion that an inmate must prove "whether or not [he] was sentenced under the residual clause" as being "wrong, for two reasons." Id. at 1340.

First, the court stated that Moore wrongly "implie[d] that the district judge deciding [a defendant's] upcoming § 2255 motion can ignore decisions from the Supreme Court that were rendered since that time in favor of a foray into a stale record." Id. at 1340.  The court reasoned that it was "not right" that, under Moore, "a defendant could not benefit from . . . binding [Supreme Court] precedent except in the rare instances where the sentencing judge thought to make clear that she relied on the residual clause." Id.

Second, the Chance court noted the difficulty a defendant would face in proving that a district court relied on the residual clause at a "potentially decades-old sentencing," especially when "[n]othing in the law requires a judge to specify which clause" he or she relied on in imposing a sentence.  Id.  The court deemed the Moore panel's approach "unworkable" because, as is often the case, the record rarely reflects which of the three clauses—elements, enumerated offenses, or residual—a sentencing judge relied on in applying the ACCA. Id.  The court reasoned that § 2255 relief should not be based on a "chance remark" by a sentencing judge who, in one case, explicitly sentences a defendant under the residual clause, but, in another similarly situated case, forgot to explicitly use the phrase "residual clause." Id. at 1341.  In the Chance court's view, "it makes no difference whether the sentencing judge used the words 'residual clause' or 'elements clause,' or some similar phrase," because "the required showing is simply that [the ACCA] may no longer authorize [a defendant's] sentence as that statute

6

stands after Johnson—not proof of what the judge said or thought at a decades-old sentencing." Id.

In this case, relying primarily on the Eleventh Circuit's decision in Moore, the Government contends that we should dismiss Defendant's motion for lack of jurisdiction. (Doc. 170 at 9). The Government acknowledges the court's later decision in Chance, but, without explanation, asserts that Moore is consistent with the Third Circuit's decisions in In re Pendleton, 732 F.3d 280 (3d Cir. 2013), Goldblum, and the texts of §§ 2255 and 2244. (Doc. 170 at 10). This assertion is baseless, as nothing in the Third Circuit's Pendleton or Goldblum decisions, or the texts of either § 2255(h) or § 2244(b), address the situation presented here. Those authorities simply set out procedures for hearing a defendant's second or successive § 2255 motion, and authorize district courts to conduct an independent gatekeeping inquiry after the court of appeals has certified that the defendant has presented a prima facie case for relief. See, e.g., Pendleton, 732 F.3d at 283. They do not resolve the issue in Chance and Moore that is now before this Court, i.e., whether a defendant must definitively show that he was sentenced under the ACCA's residual clause to satisfy our gatekeeping inquiry on a second or successive § 2255 motion.

We agree with the Eleventh Circuit's well-reasoned decision in Chance, which has been followed by the majority of other district courts who have addressed this issue. See United States v. Winston, No. 3:01-CR-00079, 2016 WL 4940211, at *6 (W.D. Va. Sept. 16, 2016). In explaining that "Chance convincingly explains why Moore is wrong," the district court in Winston noted that other "courts have held that—when unclear on which ACCA clause the sentencing judge rested a predicate conviction—the petitioner's burden is to show only that the sentencing judge may have used the residual

clause." Id. (citing Diaz v. United States, No. 1:11–CR–0381–MAT, 2016 WL 4524785, at *5 (W.D.N.Y. Aug. 30, 2016); United States v. Ladwig, No. 2:03–CR–00232–RHW, 2016 WL 3619640, at *3–4 (E.D. Wash. June 28, 2016); United States v. Navarro, No. 2:10–CR–2104–RMP, 2016 WL 1253830, at *3 (E.D. Wash. Mar. 10, 2016)).[3]

We find these numerous holdings persuasive, and conclude that Defendant has supplied sufficient evidence to overcome our gatekeeping inquiry for a second or successive § 2255 motion. Our determination is in accord with our recent decision in United States v. Harris, where, albeit in an initial § 2255 motion, we rejected a similar argument made by the government that a defendant "has not met [his] burden because he has only shown the *possibility* that his [prior] conviction does not qualify as a violent felony, not that it *in fact* did not qualify." No. 1:CR-06-0268, 2016 WL 4539183, at *6 (M.D. Pa. Aug. 31, 2016) (Caldwell, J.) (emphasis added) (although, "as a general rule, the defendant has the burden of proof in 2255 proceedings," the "burden should remain with the government" in "establish[ing] that [a] conviction qualifies as an ACCA offense"). Similar to the court's reasoning in Chance, we explained in Harris that a defendant in a § 2255 proceeding "can rely on current law" in establishing "that his prior convictions do not qualify him as a career offender under the ACCA under the elements clause or enumerated-offenses clause." Id. at *9 (citing Ladwig, 2016 WL 3619640, at *5). We do not find this case distinguishable merely because it involves a second or successive

---

[3] See also Leonard v. United States, No. 16-22612-CIV, 2016 WL 4576040, at *2 (S.D. Fla. Aug. 22, 2016) ("With Moore's reasoning discredited, the Court declines to impose upon [the defendant] the high burden of proving the Court relied upon the ACCA residual clause as opposed to the enumerated or elements clauses at sentencing."); Andrews v. United States, No. 2:12-CR-616-DB, 2016 WL 4734593, at *5 (D. Utah Sept. 9, 2016) (following Chance); Broadbent v. United States, No. 2:16-CV-00569, 2016 WL 5922302, at *3 (D. Utah Oct. 11, 2016) (adopting Chance); Culp v. United States, No. 2:11-CR-293 TS, 2016 WL 5400395, at *7 (D. Utah Sept. 27, 2016) (same).

8

§ 2255 motion, particularly when the Third Circuit has already granted Defendant's application to file this motion.

We recognize our disagreement with United States v. King, a decision cited to by the Government which held that the "smattering of district court cases" upon which we rely did "not convince the court." No. 2:11-CR-157, 2016 WL 4379008, at *4 (W.D. Pa. Aug. 17, 2016). However, the court's opinion in King was later vacated, following a motion for reconsideration in which the defendant argued that the "denial of [the defendant's] § 2255 motion conflicts with this Court's own precedent [and] the majority of district courts to analyze the issue." Docket No. 2:11-CR-157 (Docs. 211 & 225).

Lastly, the Government argues (1) that "the unobjected-to facts in the PSR indicate that [Defendant] committed generic burglaries" under the enumerated-offenses clause; and (2) that because Defendant relied on Descamps in his initial § 2255 motion, he "confirmed" that his prior Pennsylvania burglary convictions qualified as predicate offenses under the ACCA's enumerated-offenses clause. (Doc. 170 at 8); (Doc. 174 at 5).

We reject these arguments. First, as we noted in Harris, the facts contained in the PSR are not relevant to a categorical-approach analysis under the ACCA's enumerated-offenses clause. Harris, 2016 WL 4539183, at *9-10 (noting that even if a defendant's "conduct fits within" an ACCA offense, "the mismatch of elements" of Pennsylvania burglary with generic burglary disqualifies a prior conviction as a predicate offense (quoting Mathis v. United States, 136 S. Ct. 2243, 2251 (2016))). Second, we see no reason why this Defendant's pro se argument in his initial § 2255 motion should be elevated to having the legal effect that the Government suggests. Not only did we deny the argument by Defendant in his initial § 2255 motion as untimely, but we took no stance

on whether Defendant's prior convictions fell under the residual or the enumerated-offenses clause. (Doc. 151 at 3-4). Put simply, what a defendant argues in a § 2255 motion has no bearing on whether he was sentenced under the ACCA's now-unconstitutional residual clause.

Here, the Government concedes that "a defendant could legitimately raise a Johnson claim where the law at the time of sentencing precluded reliance on anything but the residual clause." (Doc. 174 at 5). This appears to be such a case where, at least with respect to Defendant's prior Pennsylvania burglary convictions, such convictions could only qualify as ACCA predicate offenses under the residual clause.[4] Although we do not yet decide the merits of Defendant's claims, in Harris, we previously considered a defendant's 1987 conviction for Pennsylvania burglary. Harris, 2016 WL 4539183, at *8. We rejected the contention that the conviction fell under either the ACCA's elements clause or its enumerated-offenses clause, holding that the "Pennsylvania crime of burglary at issue here . . . is not a violent felony under the ACCA." Id. at *9 n.15, *11. When we reach the merits in this case, we will consider similar Pennsylvania burglary convictions by Defendant in 1990, and, under Harris, it would not appear that Defendant's convictions would qualify under either the elements or enumerated-offenses clauses of the ACCA.

This would seem to leave only the possibility that Defendant's prior burglary convictions fall under the now-unconstitutional residual clause, meaning that Defendant has satisfied his burden of showing a substantial basis for relief under § 2255(h). In suggesting this, however, we emphasize that we do not yet decide Defendant's claim on the merits, as doing so precludes the Government from raising additional arguments in

---

[4] Because the Government's motion to dismiss primarily takes issue with Defendant's prior Pennsylvania burglary convictions, we only address those convictions as part of this opinion and not his robbery or aggravated assault convictions. (Doc. 170 at 7).

10

opposition to § 2255 relief and would require us to also address Defendant's prior convictions for robbery or aggravated assault. Instead, we only conclude that Defendant has presented sufficient evidence in his second or successive § 2255 motion that the rule of constitutional law announced in Johnson is likely applicable in his case. Defendant has received a certification from the Third Circuit to file this second or successive § 2255 motion, and the Third Circuit determined that he had presented a prima facie case that he may be entitled to relief. Upon our independent review of the record, we agree and find that Defendant has met the gatekeeping requirements of § 2255(h) and §2244.

IV.     *Conclusion*

Therefore, we will deny the Government's motion to dismiss. We will also dismiss as moot the Government's request for a stay. We will require additional briefing from the Government and Defendant on the merits of Defendant's motion. We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: October 31, 2016