UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 1:04-CR-347-1 |
| RONALD WOLF,<br>Defendant | : | |

*M E M O R A N D U M*

## *I. Introduction*

Before this court is Defendant Ronald Wolf's second or successive motion to correct sentence under 28 U.S.C. § 2255. (Doc. 159). For the reasons that follow, we will grant Defendant's motion and order further briefing on the appropriate relief in this matter.

## *II. Background*

On November 7, 2005, Defendant pleaded guilty, pursuant to a plea agreement, to one count of possession of a firearm by an armed career criminal, 18 U.S.C. §§ 922(g)(1), 924(e) (Count Seven), and one count of possession of stolen firearms, 18 U.S.C. § 922(j) (Count Nine). (Doc. 103 ¶ 1); (Doc. 110). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the Government and Defendant stipulated in the plea agreement to Defendant's offense level, criminal history, and sentence, and agreed that "due to the [D]efendant's relevant conduct and the charge bargain[ed], the [D]efendant shall receive a sentence of [fifteen] years for the offense of being an armed career criminal and [ten] years for the offense of possessing stolen firearms, with said sentences to be served consecutively." (Doc. 103 ¶ 11). The agreement was part of a larger settlement with the Luzerne County and Perry County District Attorneys' Offices. (Id.) The agreement did not waive Defendant's appellate or collateral review rights.

At his change of plea hearing, Defendant admitted that, on Count Seven, he qualified for a sentencing enhancement pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), because he had at least three prior convictions for violent felonies. (Doc. 112 at 7, 9-10). The Government posited that Defendant's three prior 1990 Pennsylvania burglary convictions qualified as Defendant's predicate offenses under the ACCA. (Doc. 112 at 7, 9-10); (PSR ¶ 97).

On February 8, 2006, a Presentence Investigation Report (PSR) was filed, which concluded that Defendant qualified as an armed career criminal under the ACCA and applied a five-level enhancement. (PSR at ¶ 25). Although the PSR detailed Defendant's criminal history, including his 1990 convictions in Pennsylvania for burglary, robbery, and aggravated assault, it did not specify which offenses were predicate violent felony offenses under the ACCA. (Id. ¶¶ 31-33, 35, 37-39, 41). Defendant's Total Offense Level was 31, his criminal history was Category VI, and his sentencing range under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") was 188 to 235 months' imprisonment. (PSR ¶ 98). Defendant did not object to the PSR. (Doc 120 at 3). On April 13, 2006, this court sentenced Defendant, pursuant to his Rule 11(c)(1)(C) plea agreement, to a total of twenty-five years in prison: fifteen years on Count Seven and ten years on Count Nine, to be served consecutively. (Doc. 103 ¶ 11); (Doc. 123). He is currently serving this sentence. (Doc. 159 at 2).

On June 23, 2014, Defendant filed an initial motion to vacate his sentence under § 2255, arguing claims of ineffective assistance of counsel and that he no longer qualified as an armed career criminal under the United States Supreme Court's decision in Descamps v. United States, 133 S. Ct. 2276 (2013). (Doc. 150 at 4-8). We denied his

motion as untimely, noting that Descamps was not made retroactive. (Doc. 151 at 3-4). Defendant's motion for reconsideration was also denied. (Doc. 153-54).

On June 24, 2016, Defendant timely filed the instant second or successive motion under § 2255, again seeking relief from his ACCA enhancement, but this time based on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551, 2563 (June 26, 2015) (holding residual clause of ACCA unconstitutionally void for vagueness).[1] (Doc. 159). In his motion, Defendant argues that he is no longer an armed career criminal in light of the holding in Johnson and that his sentence violates due process because (1) "his prior convictions no longer qualify as 'violent felonies'" under the ACCA's residual clause; and (2) "[h]is current sentence exceeds the 10 year statutory maximum for a non-ACCA offense." (Doc. 159 at 4). He requests that we resentence him without the ACCA's enhanced penalty. (Id. at 3).

Following his motion, counsel was appointed, and we granted a stay of proceedings pending the Third Circuit's disposition of Defendant's application to file a second or successive § 2255 motion. (Doc. 161-62). On July 6, 2016, the Third Circuit granted Defendant's application. (Doc. 163 at 1). The stay was lifted, (Doc. 164), and, on August 30, 2016, the Government filed motions to dismiss for lack of jurisdiction and to stay its response to Defendant's instant motion. (Doc. 169). In their motion to dismiss, the Government contended that Defendant neither showed that Johnson applied to this case nor demonstrated that his prior burglary convictions were no longer predicate violent felony offenses under the ACCA. (Doc. 170 at 5-7).

---

[1] Defendant's instant motion is timely because it was filed within one year of the Supreme Court's decision in Johnson, which established a new rule of constitutional law that was made retroactive to cases on collateral review by the Supreme Court in Welch v. United States, 136 S. Ct. 1257 (2016). See 28 U.S.C. §§ 2255(f)(3), (h)(2).

On October 31, 2016, we denied the Government's motions, and ordered a response to the merits of Defendant's motion. (Doc. 179). In an accompanying memorandum, we concluded that "Defendant has supplied sufficient evidence to overcome our gatekeeping inquiry for a second or successive § 2255 motion." (Doc. 178 at 8). Although we did not decide the merits of Defendant's motion at that time, we noted that, given our decision in United States v. Harris, No. 1:CR-06-0268, 2016 WL 4539183, at *9-11 (M.D. Pa. Aug. 31, 2016) (Caldwell, J.) (holding, in part, 1987 Pennsylvania burglary conviction is not "violent felony" under ACCA), it appeared that, "at least with respect to Defendant's prior Pennsylvania burglary convictions, such convictions could only qualify as ACCA predicate offenses under [its now-unconstitutional] residual clause." (Doc. 178 at 10). Having received the parties' additional briefing, Defendant's motion is ripe for disposition.

*III. Discussion*

Under 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside, or correct his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

In his motion, Defendant argues that he was sentenced under the now-unconstitutional residual clause of the ACCA, and that, in light of the Supreme Court's decision in Johnson, his sentence on Count Seven violated constitutional guarantees of due process. (Doc. 159 at 3). He claims that he no longer qualifies as an armed career

criminal, that his sentence was imposed in violation of the Constitution, and that his sentence currently exceeds the maximum sentence authorized by law. (Id. at 4).

The ACCA requires that a defendant convicted of being a felon in possession of a firearm face a mandatory sentencing enhancement of a minimum fifteen years' imprisonment and maximum life sentence if he has three or more previous convictions for a "violent felony" or "serious drug offense." 18 U.S.C. § 924(e)(1). The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" ("elements" or "force" clause); or (2) is burglary, arson, or extortion, [or] involves use of explosives" ("enumerated-offenses" clause); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" ("residual" clause). 18 U.S.C. § 924(e)(2)(B).

In Johnson, the Supreme Court held that the residual clause of the ACCA was unconstitutionally vague and violated due process of law because it invited "arbitrary enforcement by judges." 135 S. Ct. at 2557. The Supreme Court subsequently held that its decision in Johnson was a new substantive rule of law with retroactive effect to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1268 (2016).

In light of these decisions, Defendant's sentence will only stand if his predicate offenses qualify as violent felonies under either the elements clause or the enumerated-offenses clause of the ACCA. In other words, if it is established that Defendant received an ACCA enhancement under the residual clause, his sentence is now unconstitutional in light of Johnson.

In this case, the record is clear that Defendant was sentenced under the now-unconstitutional residual clause of the ACCA. At Defendant's plea hearing, the Government posited that, had Defendant gone to trial on Count Seven, it would have established that he qualified as an armed career criminal due to his three prior convictions in 1990 for Pennsylvania burglary. (Doc. 112 at 9). For reasons more fully examined in Harris, it is now evident that Pennsylvania burglary "is not a violent felony under the ACCA." Harris, 2016 WL 4539183, at *11; see also United States v. Steiner, 847 F.3d 103, __, 2017 WL 437657, at *11-13 (3d Cir. 2017) (holding 1993 Pennsylvania burglary indivisible and not "crime of violence" under similarly worded residual clause of career offender guideline, U.S.S.G. § 4B1.2).[2] Thus, because Defendant's prior convictions for Pennsylvania burglary in 1990 are not violent felonies under the ACCA's elements clause or its enumerated-offenses clause, he could only qualified for an ACCA enhancement at sentencing under the residual clause, which, in light of the Supreme Court's holding in Johnson, is now unconstitutional. See Harris, 2016 WL 4539183, at *10-11.

Our finding that Johnson is applicable to this case, and that Defendant was sentenced under the now-unconstitutional residual clause of the ACCA, is further substantiated by the position the Government has taken in response to the merits of Defendant's instant § 2255 motion. Although not conceding to our findings, the Government appears to have abandoned any argument that Defendant's prior convictions still qualify as violent felonies under the ACCA's elements clause or its enumerated-

[2] We recognize that Defendant's predicate Pennsylvania burglary offenses occurred in 1990, and that the Pennsylvania burglary offenses at issue in Harris and Steiner occurred, respectively, in 1987 and 1993. Upon review of the historical versions of these statutes, it appears that the elements of Pennsylvania burglary as set forth in the statute's text remained unchanged over this period; only the grading of the offense was slightly altered. Compare 18 PA CONS. STAT. § 3502(a), (c) (1987), and 18 PA CONS. STAT. § 3502(a), (c) (1993), with 18 PA CONS. STAT. § 3502(a), (c) (1990).

offenses clause. (Doc. 182 at 4 n.2). The Government states that it "elected not to rely on [Defendant's] prior convictions" to uphold his sentence. (Id.) In fact, the Government furthers our finding that Defendant no longer qualifies for an ACCA enhancement in light of Johnson by noting that it "determined that two of [Defendant's] convictions—the robbery and aggravated assault convictions . . . were not 'committed on occasions different from one another.'" (Id. (quoting 18 U.S.C. § 924(e)(1))).

Rather, the Government attempts to uphold Defendant's sentence by arguing that the Rule 11(c)(1)(C) plea agreement precludes Defendant's entitlement to relief under § 2255. (Doc. 182 at 4-5). The Government suggests that because Defendant voluntarily exposed himself to the sentence received as part of the agreement, and that, because this court, by accepting the agreement, also accepted the stipulated sentence, Defendant cannot avail himself of any later-discovered constitutional error on which the sentence in the plea agreement was based. (Id. at 5-6). Accordingly, the Government argues that Defendant's sentence was "based on the [Rule 11(c)(1)(C)] agreement itself and not the residual clause that was held unconstitutionally vague in Johnson." (Id. at 6). In support of its position, the Government primarily relies on the Supreme Court's decision in Freeman v. United States, 564 U.S. 522 (2011). (Id. at 5-6).

The parties to a Rule 11(c)(1)(C) plea agreement are permitted to "agree that a specific sentence or sentencing range is the appropriate disposition of the case[.]" FED. R. CRIM. P. 11(c)(1)(C). Such an agreement by the parties "binds the court once the court accepts the plea agreement." Id. "It is axiomatic under Rule 11 that once a court accepts such an agreement, it must be enforced at sentencing." United States v. Bernard, 373 F.3d 339, 345 (3d Cir. 2004).

In Freeman, the Court considered whether a defendant who pleaded guilty pursuant to a Rule 11(c)(1)(C) plea agreement is barred from a sentencing reduction under 18 U.S.C. § 3582(c)(2), which allows a defendant to move for a reduction where an amendment to the Guidelines is made retroactive. Id. at 525-27. The Court, in a controlling opinion by Justice Sotomayor, interpreted § 3582(c)(2) and held that defendants who enter into Rule 11(c)(1)(C) plea agreements are generally barred from future reductions because their sentences are "based on" the Rule 11(c)(1)(C) plea agreement and not the Guidelines. Freeman, 564 U.S. at 536-38 (Sotomayor, J., concurring in judgment). However, the Court noted two exceptions: "(1) where the plea agreement itself 'call[s] for the defendant to be sentenced within a particular Guidelines sentencing range,' or (2) where it makes clear that 'the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty.'" United States v. Thompson, 682 F.3d 285, 289 (3d Cir. 2012) (quoting Freeman, 564 U.S. at 538-39 (Sotomayor, J., concurring in judgment)) (alteration in original).

As an initial matter, we have serious doubts about whether Freeman is applicable to this case. Nothing in the Court's opinion in Freeman remotely suggested that its holding was applicable to circumstances where a defendant files a § 2255 motion to vacate a now-unconstitutional sentence in light of Johnson. Rather, in Freeman, the Court determined whether a defendant's sentence, as a matter of statutory interpretation of § 3582(c)(2), was "based on" a Guidelines' sentencing range as opposed to the Rule 11(c)(1)(C) plea agreement. See Freeman, 564 U.S. at 527.

In this case, we are deciding Defendant's § 2255 motion, not a § 3582(c)(2) motion for sentence reduction, and therefore are not faced with interpreting any restrictive

statutory language. This distinction is significant because § 3582(c)(2)'s "based-on-the Guidelines requirement implicates the subject matter jurisdiction of district courts to hear a defendant's . . . motion." United States v. Freeman, 659 F. App'x 94, 98 (3d Cir. 2016). By contrast, this court certainly has jurisdiction over Defendant's instant § 2255 motion. See 28 U.S.C. § 2255(a); see also United States v. Bailey, 777 F.3d 904, 906-08 (7th Cir. 2015) (rejecting § 3582 motion to modify sentence imposed pursuant to Rule 11(c)(1)(C) plea agreement, but finding § 2255 a "stronger basis" to grant relief to prisoner sentenced on mistaken belief that 20-year mandatory minimum was required by law).

We are also not faced with a retroactive amendment to a Guideline, but a new rule of constitutional law that has invalidated a statutory provision and has been made retroactive to cases on collateral review. Specifically, we consider what effect Johnson's invalidation of the ACCA's residual clause, as opposed to a retroactive change to the advisory Guidelines, has on a defendant's Rule 11(c)(1)(C) plea agreement and sentence. Indeed, here, neither party contends that the Guidelines affected Defendant's sentence, and no provision of Defendant's plea agreement mentions the Guidelines or any applicable sentencing range, outside of a vague reference to the parties' agreement on Defendant's offense level and criminal history category. In fact, the aggregate twenty-five year sentence that Defendant stipulated to, and received, as part of the agreement falls well below the Guideline range. In short, the Guidelines simply are not relevant to the inquiry here, further establishing the inapplicability of the Supreme Court's Freeman decision to this case. See, e.g., United States v. Sylvester, 510 F. App'x 137, 143 (3d Cir. 2013) ("Nor is [defendant's] sentence based on [the sentencing] guidelines in the way that Freeman's sentence was. Instead, the plea agreement explicitly states that his sentence

is based on the statutory maximum. The guidelines provide context to that sentence, and nothing more.”). Based on the differences between Freeman and this case, we disagree with the Government that the rationale in Freeman should extend to this case, and doubt that Freeman is even applicable, let alone controlling.

Moreover, we note that a host of district courts have granted § 2255 relief to defendants who entered into Rule 11(c)(1)(C) plea agreements but received now-unconstitutional sentences in light of Johnson.[3] In fact, in permitting § 2255 relief, some courts have specifically rejected the instant argument by the Government that relies on the Supreme Court’s Freeman decision. See United States v. Beck, 2016 WL 3676191, at *5 (D. Neb. July 6, 2016) (“Notwithstanding [Freeman’s interpretation of] § 3582(c), the court finds that a § 2255 motion is the appropriate vehicle for the defendant’s challenge to the legality of his sentence. The binding [Rule 11(c)(1)(C)] plea agreement does not prevent the court’s consideration of the impact of the Johnson decision on the defendant's

[3] See United States v. Beckham, __ F. Supp. 3d __, __, 2016 WL 4402827, at *3 (E.D. Wash. Aug. 16, 2016) (vacating sentence under ACCA in light of Johnson, despite defendant pleading guilty under Rule 11(c)(1)(C) plea agreement); O.C. Billings v. United States, No. 5:13-CR-68-RLV-DSC-1, 2016 WL 2660233, at *3 (W.D.N.C. May 10, 2016) (granting § 2255 motion where defendant received sentence in Rule 11(c)(1)(C) plea agreement because sentence is no longer constitutional i Johnson); see also United States v. Terrell, __ F. Supp. 3d __, __, 2016 WL 6582993, at *6 (E.D. Wash. Nov. 4, 2016) (granting defendant’s § 2255 motion, despite waiver of collateral review in Rule 11(c)(1)(C) plea agreement, and holding “the binding nature of the plea agreement does not itself preclude the relief sought” under Johnson’s application to the career offender guideline because “[t]he fact that [defendant] was potentially ACCA qualified and avoiding a 15–year mandatory minimum sentence was stated in the plea agreement,” and “[t]he record evinces that this information was the most influential factor in [the] court’s [sentencing] decision”); Williams v. United States, No. 6:05-CR-6149-MAT, 2016 WL 4917017, at *3 (W.D.N.Y. Sept. 15, 2016) (granting § 2255 motion, even where defendant waived right to directly or collaterally challenge sentence in Rule 11(c)(1)(C) agreement, because, under Johnson’s application to career offender guideline’s residual clause, the “sentence is unconstitutional, and the collateral attack waiver in his plea agreement does not bar this challenge”); United States v. Dockins, No. 2:13-CR-2039-EFS, 2016 WL 4414790, at *2 (E.D. Wash. Aug. 18, 2016) (rejecting argument that defendant was sentenced under Rule 11(c)(1)(C) plea agreement, rather than sentencing guidelines, because “Johnson . . . establish[es] that the [g]uidelines analysis in the parties’ plea agreement was constitutionally flawed”).

sentence. It is clear to the court that the parties operated under a mutual mistake in entering into the agreement. . . . To enforce the agreement as written, in spite of the defendant [no longer qualifying as a career offender], would be a miscarriage of justice"); see also United States v. Cloud, 197 F. Supp. 3d 1263, __, 2016 WL 3647785, at *4 (E.D. Wash. June 24, 2016) (noting that "Freeman [] implicitly permit[s] a district court to revisit a sentence imposed pursuant to an 11(c)(1)(C) plea agreement," and holding "[i]f a defendant can receive the benefit of a retroactive Sentencing Guidelines amendment following an 11(c)(1)(C) plea agreement, the [c]ourt can find no reason not to apply a similar rationale to Johnson claims on collateral review"). We find these numerous decisions persuasive, and hold that the Rule 11(c)(1)(C) plea agreement in this case does not preclude Defendant's entitlement to § 2255 relief based on Johnson's application to the ACCA's residual clause.

Nonetheless, even if Freeman's rationale is applicable to situations like the one presented in this case, as at least one district court has held,[4] it is evident that Defendant received his sentence based, at least in part, on the applicability of the ACCA and its residual clause. The controlling opinion in Freeman acknowledges that a defendant sentenced under a Rule 11(c)(1)(C) plea agreement may challenge his sentence where the agreement "provide[s] for a specific term of imprisonment—such as a number of months—but also make[s] clear that the basis for the specified term is a . . . sentencing range applicable to the offense to which the defendant pleaded guilty." Freeman, 564 U.S. at 538-39 (Sotomayor, J., concurring in judgment).

[4] See Quinn v. United States, No. 1:13-CR-52-DN, 2016 WL 6989774, at *5-9 (D. Utah Nov. 29, 2016) (applying Freeman and finding language in Rule 11(c)(1)(C) plea agreement indicated that defendant was sentenced based on the agreement, not the career offender guidelines' residual clause, because the specific sentence in the agreement fell significantly below the guidelines' sentencing range, both with and without the career offender enhancement).

Here, even if we applied the reasoning in Freeman, Defendant's Rule 11(c)(1)(C) plea agreement clearly reflects that the fifteen-year imprisonment term specified for Count Seven was based on the ACCA's applicability, specifically its statutorily mandated minimum term of imprisonment. Defendant pleaded guilty to the specific offense of being an armed career criminal in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(e), and, therefore, by the very nature of the offense charged, the ACCA had to first apply to Defendant's conduct for him to plead guilty. Indeed, if the ACCA had not applied, then this court could have rejected the plea or found the ACCA enhancement inappropriate at sentencing. See FED. R. CRIM. P. 11(b)(3) ("Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea."); United States v. Johnson, 715 F.3d 1094, 1100 (8th Cir. 2013) ("The purpose of [Rule 11(b)(3)] is to protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge." (quoting United States v. Heid, 651 F.3d 850, 854 (8th Cir. 2011))).

Furthermore, Defendant's plea agreement plainly indicates that the sentence he received on Count Seven was derived from the statutory minimum term under the ACCA. Defendant's sentence on Count Seven was fifteen years' imprisonment, and it is no coincidence that the ACCA provides that a defendant "shall be . . . imprisoned not less than fifteen years," if he is convicted of being a felon in possession of a firearm and has three prior convictions for violent felony or serious drug offenses, 18 U.S.C. § 924(e)(1). In fact, the plea agreement specifically notes that "Count 7 carries a mandatory minimum period of imprisonment of 15 years." (Doc. 103 at ¶ 2). This court was obligated to impose at least the fifteen-year sentence, not only because the Rule 11(c)(1)(C) plea

agreement called for it, but also because the ACCA mandated it.  See United States v. Symington, 781 F.3d 1308, 1313 (11th Cir. 2015) (holding that, despite parties' stipulation in Rule 11(c)(1)(C) plea agreement that defendant did not qualify as an armed career criminal, "district court did not err in sentencing [defendant] in accordance with the ACCA because the ACCA is mandatory, and the district court lacked the authority to impose the unlawful sentence contained in the plea agreement").  If this court is bound not to impose an unlawful sentence despite the parties' attempts to stipulate in a Rule 11(c)(1)(C) plea agreement to the ACCA's inapplicability, as was the case in Symington, then we see no reason why we are not equally as bound to avoid upholding a now-unconstitutional sentence (in excess of the non-ACCA statutory maximum), even where the parties attempted to (now-incorrectly) stipulate to the ACCA's applicability.  See id.; see also United States v. Davis, 689 F.3d 349, 353-54 (4th Cir. 2012); United States v. Moyer, 282 F.3d 1311, 1318-19 (10th Cir. 2002).

       Therefore, by virtue of both the nature of the offense that Defendant pleaded guilty to, as well as the express terms of his plea agreement, there is little doubt that, even under Freeman's rationale, when this court sentenced Defendant to the ACCA mandatory minimum of fifteen years' imprisonment on Count Seven, it did so not only on the basis of an application of Rule 11(c)(1)(C), but also based on the now-unconstitutional residual clause of the ACCA.  Accordingly, we reject the Government's contention that we should ignore the constitutional error undergirding Defendant's plea and sentence, or that we should distinguish between the sentence called for by Defendant's Rule 11(c)(1)(C) plea agreement and the mandatory minimum sentence provided for in the ACCA.  The record demonstrates that the "original constitutional error of charging [defendant] under the

ACCA permeated the entire process leading to his sentencing," including his entry into a Rule 11(c)(1)(C) plea agreement on Count Seven. Pressley v. United States, No. C16-510RSL, 2016 WL 4440672, at *4 (W.D. Wash. Aug. 11, 2016).

Lastly, we reject the Government's effort to uphold Defendant's sentence by focusing on its ability under the plea agreement to reinstate any dismissed counts should any of Defendant's charges be vacated, or on the fact that Defendant faced a potential minimum sentence of over 120 years on the nine counts in the superseding indictment. (Doc. 182 at 2 n.1, at 7-8); (PSR ¶ 99) (Doc. 103 ¶ 1). Defendant is proceeding with this § 2255 motion fully aware of these potential repercussions. (See Doc. 183 at 2 n.1). Moreover, these potential consequences do not provide reason for this court to ignore the constitutional commands of due process under Johnson and thereby continue to uphold a now-unconstitutional sentence.

We understand that plea negotiations and plea agreements are "important components of this country's criminal justice system," Blackledge v. Allison, 431 U.S. 63, 71 (1977), and recognize that arriving at plea agreements is an undoubtedly complicated and time-intensive process for the parties. The agreement in this case was part of a larger settlement that included several other pending state court charges against Defendant with two different district attorneys' offices. Indeed, before entering the Rule 11(c)(1)(C) plea agreement at issue, Defendant signed a prior agreement, but then chose to continue negotiations rather than entering a plea under the initial agreement. (Docs. 72, 82).

However, "arrayed against the interest in finality [of plea agreements] is the very purpose of . . . habeas corpus to safeguard a person's freedom from detention in violation of constitutional guarantees." Blackledge, 431 U.S. at 72. Here, we will not

uphold Defendant's now-unconstitutional sentence in light of his plea agreement, as doing so would result in a miscarriage of justice by sustaining what has proven to be an unlawful application of the ACCA; these results are precisely what a motion under § 2255 seeks to remedy. See United States v. Eakman, 378 F.3d 294, 298 (3d Cir. 2004) ("Section 2255 permits relief for an error of law or fact only where the error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" (quoting United States v. Addonizio, 442 U.S. 178, 185 (1979)).

Here, we find that the "underlying foundation upon which . . . Defendant's [plea on Count Seven] was based has now crumbled in the wake of Johnson and Welch" because "[t]he initial charging document, the plea negotiations, the resulting 11(c)(1)(C) plea agreement . . . and the sentencing decision were all made or taken in light of the fact that Defendant was facing an ACCA 15-year mandatory minimum sentence." Pressley, 2016 WL 4440672, at *4 (quoting United States v. Suttle, No. 2:14-CR-00083-SAB, 2016 WL 3448598, at *4 (E.D. Wash. June 20, 2016)). Accordingly, we find that, in light of Johnson, Defendant received a sentence based on the now-unconstitutional residual clause of the ACCA, and that his Rule 11(c)(1)(C) plea agreement does not preclude relief under § 2255. Therefore, we will grant Defendant's second or successive § 2255 motion as to his sentence on Count Seven.

However, this court requires further briefing as to the appropriate relief to be granted in this case. We recognize that Defendant requests that this court resentence him without the enhanced ACCA penalty, (Doc. 183 at 4), but neither party has briefed this court on the appropriate relief in the event that Defendant's sentence on Count Seven is found to be unconstitutional. On this issue, we note that it is unclear whether this court

may vacate only Defendant's sentence on Count Seven without also having to vacate the entirety of the plea agreement, including his charge and sentence on Count Nine, because Defendant pleaded guilty to the ACCA-specific offense of possession of a firearm by an armed career criminal, 18 U.S.C. §§ 922(g)(1), 924(e), which is no longer applicable in light of Johnson. Moreover, even if we were not required to vacate the entirety of the plea agreement, it is also not clear that we could leave intact the terms of the plea agreement as to Count Seven and simply resentence Defendant without an ACCA enhancement, as Defendant requests, because resentencing Defendant on this charge would seemingly alter the plea agreement itself, which specifies that Defendant pleaded guilty to an ACCA-specific offense.[5] Accordingly, we will order further briefing from the parties on the appropriate relief in this case.

*IV. Conclusion*

For the foregoing reasons, we will grant Defendant's second or successive § 2255 motion, and will request further briefing from the parties on the proper relief in this case. An appropriate order will issue.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: February 24, 2017

[5] We note that the Third Circuit has found "a multi-count plea agreement [is not] per se invalid when a subsequent change in the law renders a defendant innocent of some, but not all, of the counts therein." McKeever v. Warden SCI-Graterford, 486 F.3d 81, 86 (3d Cir. 2007). However, in the Rule 11(c)(1)(C) context, the Seventh Circuit held that courts "cannot preserve a plea . . . but dispose of the sentence," U.S. v. Gibson, 490 F.3d 604, 607 (7th Cir. 2007), but the Ninth Circuit has permitted vacating only the sentence so long as the parties have an opportunity to withdraw the plea after the court exercises its discretion to accept or reject the agreement in a manner unaffected by the error, see United States v. Heredia, 768 F.3d 1220 (9th Cir. 2014).